GEORGE A. OHL & COMPANY, INCORPORATED, PLAINTIFF-APPELLANT, v. BARNET LEATHER COMPANY, DEFENDANT-RESPONDENT.

Argued November 24, 1914—Decided March 1, 1915.

On the sale of a machine on approval for one month and the rejection of the same within the month, as not satisfactory, the title to the machine does not pass to the buyer.

---

On appeal from the Essex Circuit Court.

For the plaintiff-appellant, *Herbert J. Hannoch.*

For the defendant-respondent, *Edward M. Colie.*

The opinion of the court was delivered by

BLACK, J. This case was tried in the Essex Circuit Court, resulting in the direction of a verdict for the plaintiff for the value of a copper press plate and against the plaintiff for an embossing press, at the close of the case. This ruling by the trial judge is challenged on this appeal. The subject-matter of the litigation is a copper press plate and an embossing press, weighing thirty-two thousand one hundred pounds, furnished by the appellant to the respondent. The ruling of the court in reference to the copper press plate is acquiesced in by the respondent and thus disappears from further consideration. The essential facts, in chronological order, as shown by the record are, that on June 14th, 1910, the appellant sent to the respondent a blue print according to request and wrote that "we are just finishing two of these machines." On July 16th, 1910, the respondent replied that we "are willing that you should install a machine on approval for one month, erecting machine free of charge, freight to be paid by you. The machine guaranteed for one year; price $2,000. Kindly let us know your disposition."

The reply to this letter was July 18th, 1910, "We are also willing to let you have the machine on approval for one month, at which time the same is to be paid for if satisfactory." The machine was shipped from Newark to Little Falls, New York, and set up November 16th, 1910. December 2d, 1910, the respondent wrote: "We are sorry to inform you that we will not be able to keep the pressing machine, which you sent us on trial. We have had accidents on the Sheridan machine, which has an automatic clutch and release lever, and under these circumstances we naturally cannot get any men to operate a machine which runs incessantly, and has not the aforesaid safety device." * * * "If we were working side leather, or long hides of any description, we could probably operate this machine, but with small calf-

skins, we cannot get the skin in the machine and out again in one up and down movement of the machine." The reply to this letter was dated December 5th, 1910, "Will not allow you to return embossing press have written."

The act concerning the sale of goods and to make uniform the law relating thereto (4 *Comp. Stat., p.* 4651, § 19), provides rules for ascertaining the intention of parties. "Delivery on approval. When goods are delivered to the buyer on approval or on trial or on satisfaction, or other similar terms, the property therein passes to the buyer—(*a*) When he signifies his approval or acceptance to the seller or does any other act adopting the transaction."

This statute is declaratory of the common law. In the case under consideration, the respondent, within the one month that was given for approval of the machine by the terms of the contract, rejected it. The trial judge, in disposing of the motion to direct a verdict against the plaintiff, said: "that in the view of the court, this was a contract of sale, on approval, under the above uniform Sales act." This disposition of the case by the trial judge in directing a verdict against the plaintiff for the value of the embossing machine was not error, under the statute or at common law, the title to the embossing press did not pass to the buyer, the sale being on approval for one month, the respondent did nothing, according to the terms of the statute, "adopting the transaction," but on the contrary signified its rejection of the machine within the month.

In *Columbia Rolling Co.* v. *Beckett Machine Co.,* 55 *N. J. L.* 391, the rule of law is stated thus: "When goods are manufactured or sold, and delivered subject to approval, it is incumbent on the purchaser, unless he approves, to express disapproval within a reasonable time or within the time limited by the contract." That is what the buyer did in this case, expressed his disapproval within the one month limited by the contract. We have examined the other assignments of error and they are without merit.

The judgment is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, WILLIAMS, JJ.   14.

*For reversal*—None.